UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-P220-H

WESLEY S. ANGLIN                                                PETITIONER

v.

BRECKINRIDGE CIRCUIT COURT *et al.*                        RESPONDENTS

## MEMORANDUM OPINION

Petitioner Wesley S. Anglin filed a *pro se* "Petition for Declaration of Rights and Sp[e]edy Hearing" (DN 4). For the reasons that follow, the petition will be dismissed.

### I.

Petitioner moves the Court for a declaration of rights pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1331. Section 2201 (the Declaratory Judgment Act) is an "enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant" to have a case heard in federal court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). It does not provide an independent basis for federal jurisdiction. *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles Cnty., Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992) (per curiam). Before invoking the Declaratory Judgment Act, a federal court must "have jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). In short, Petitioner cannot invoke the Declaratory Judgment Act as the basis of this Court's jurisdiction.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As relief,

Petitioner he asks "for a Writ of Habeas Corpus be issued due to the Due Process of law being denied" and for an "Order of dismissal 'with prejudice' on the pending charge of Robbery in the 1st degree to be issued." Because Petitioner has filed a pretrial petition seeking habeas relief, the Court construes the action as being brought pursuant to 28 U.S.C. § 2241(c).[1] *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488, 493 (1973) (finding that petitioner properly brought a § 2241 petition "to raise his speedy trial claim" for an order directing respondent to afford him an immediate trial); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir. 1981) (pretrial petitions are properly brought under § 2241); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (same).

## II.

Petitioner, who is a convicted prisoner based on a prior conviction, reports that he has a pending criminal action in Breckinridge Circuit Court (09-CR-00057). He advises that in May 2009 he was indicted on the charge of robbery in the first degree in Breckinridge County and that trial is set for May 18, 2011. He alleges that he cannot receive a fair trial under the Due Process Clause if Ky. Rev. Stat. § 532.055 (truth-in-sentencing statute) is applied to his trial, and he challenges its constitutionality under the United States Supremacy Clause.[2]

---

[1]Section 2241(c) provides, "the writ of habeas corpus shall not extend to a prisoner unless . . . (c) He is in custody in violation of the Constitution or laws or treaties of the United States, . . ."

[2]In *Commonwealth v. Reneer*, the Kentucky Supreme Court concluded that § 532.055 was procedural, not substantive, in nature and, therefore, violated the separation-of-powers doctrine enunciated in Section 28 of the Kentucky Constitution. *Reneer*, 734 S.W.2d 794, 796 (Ky. 1987). The Court, nevertheless, declined, under the principles of comity, to strike § 532.055 as unconstitutional. *Id.* at 797-98. Thereafter, however, in *Manns v. Commonwealth*, the Kentucky Supreme Court held that the enactment of the provision of § 532.055(2)(a)(6) "that purports to permit use of a prior juvenile adjudication for impeachment purposes" violated Section 28 of the Kentucky Constitution and that principles of comity did not apply to that provision. *Manns*, 80 S.W.3d 439 (Ky. 2002).

Upon consideration, the Court concludes that it cannot entertain Petitioner's § 2241 petition because it is premature. To warrant relief under § 2241, Petitioner is required to exhaust his state remedies prior to bringing such an action. *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). While § 2241 does not statutorily require petitioners to exhaust state remedies prior to bringing an action, the Supreme Court has nevertheless held that a petitioner must exhaust his state remedies before seeking pretrial habeas relief through a § 2241 petition in federal court. *Braden*, 410 U.S. at 489. The exhaustion requirement was born of the principles of comity and federalism. Although federal courts possess jurisdiction over pretrial petitions like the one currently under consideration, courts have recognized that they "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546.

> [The abstention] doctrine "preserves the role of the state courts in the application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, (the doctrine) preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts." Note, Developments in the Law Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1094 (1970).

*Braden*, 410 U.S. at 490-91.

> As to the exhaustion issue, Petitioner advises:
>
> The Petitioner has notified the Kentucky courts as well as other State and Federal artificial citizens that have been contracted to, ***support and defend*** the Constitution of the United States against ***all enemies, foreign and domestic***; bear ***true faith and allegiance*** to the same; ***well and faithfully discharge the duties of the office***, as sworn to under Title 5 USCS Section 3331. Thereby meaning that he has went beyond a reasonable measure to exhaust remedies.

(emphasis in original). Petitioner also attaches a copy of a "Motion for Mistrial and/or to Dismiss Case" that he allegedly filed in his pending state-court action.

Petitioner's notification of his claims to "State and Federal artificial citizens" does not constitute exhaustion. Further, exhaustion is not demonstrated by the fact that he may have filed a motion for mistrial/to dismiss in the state court, as there is no indication whether the trial court ruled on the motion, and if so, whether Petitioner appealed the matter. Even so, Petitioner fails to show that he would be precluded from asserting his constitutional claims during the course of his criminal trial, on direct appeal, and, if applicable, through a properly filed state collateral attack. It is clear that Petitioner's request for intervention by this Court is an attempt "to disrupt the orderly functioning of state judicial processes." *Braden*, 410 U.S. at 491. To rule on the merits of his petition would at this time undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

For these reasons, the petition must be dismissed to allow the state courts to have the first opportunity to address the constitutional challenges Petitioner now raises.

**III.**

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. Thus, a certificate of appealability must be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4412.005